## Huston's Estate

Before Lamorelle, P. J., and Gest, Van Dusen, Stearne and Sinkler, JJ.

The facts appear from the following extract from the adjudication of

LAMORELLE, P. J., auditing judge.—Rose C. Huston died July 23, 1932, having first made a will, dated December 15, 1931, and codicil thereto, dated April 7, 1932, of which she appointed Fidelity-Philadelphia Trust Company executor, to which company letters testamentary were granted August 6, 1932.

By her will, as modified by the codicil, testatrix gave all her jewelry, cloth-

ing and automobile, with all accessories relating thereto and policies of insurance in connection therewith, to her daughter, Mary R. Medley; all her household effects and furniture, books, pictures, prints, paintings, silverware, plate, rugs, china, fuel, household stores and provisions, unto her husband, William J. Huston, her daughter, Mary R. Medley, and her grandson, John J. Medley, Jr., and the survivor of them (and they all survive); devised premises 1936 South Fifty-seventh Street to her husband, William J. Huston, her daughter, Mary R. Medley, and her grandson, John J. Medley, Jr., in fee simple, and premises 111 North Richmond Avenue, Atlantic City, N. J., with the contents thereof, to her daughter, Mary R. Medley; gave unto the Church of the Blessed Sacrament $1,000; and unto St. Edmond's Home for Crippled Children $1,000; and gave the residue of her estate, especially exercising the power of appointment given under the will of Charles Lafferty, deceased, "and without in any way incorporating the same in my own estate" as follows: One fourth in trust to pay the net income therefrom to William J. Huston, the husband of testatrix, for life, and upon his death to transfer the corpus to her daughter, Mary R. Medley; one fourth to her daughter, Mary R. Medley; one fourth to the children of her daughter, Rose C. Donaghy, living at the time of her death, in equal shares; and the remaining one fourth, less $1,000 bequeathed to her grandson, John F. Huston, and $1,000 bequeathed to her grandson, William Huston, 3d, to her daughter, Mary R. Medley.

She directed the payment out of the principal of her estate of all inheritance, transfer, and succession taxes, Federal and State, save and except that any and all such taxes lawfully imposed upon the appointed estate shall be paid out of such appointed estate. She appointed her daughter, Mary R. Medley, guardian of the estates of such of her grandchildren as she mentioned during their respective minorities.

The appointment as guardian is void; see Garraty's Estate, 1 D. & C. 307. . . .

*Cornelius C. O'Brien*, of *Byron, Longbottom, Pape & O'Brien*, for exceptant.

*Edward C. Dougherty*, contra.

SINKLER, J., March 20, 1934.—The exceptant argues at considerable length and with no little ability that the appointment of a testamentary guardian by a grandfather is valid, provided duties of a trustee are imposed by the terms of the will. This is a sound principle of law. Garraty's Estate, 1 D. & C. 307, by Henderson, J., holds that the right to appoint a guardian is statutory, that no statute confers the right upon a grandparent, and distinguishes that case from those in which a guardian in name is created a trustee in fact. The wording of the will in the precent case fails to support exceptant's contention.

"Tenth: I appoint my daughter, Mary R. Medley, the guardian of the estates of such of my grandchildren as I have herein mentioned during their respective minorities."

No duties are imposed other than those ordinarily pertaining to a guardian.

The exceptions to the finding of the auditing judge that testatrix had a vested interest in the estate of Charles Lafferty, deceased, are withdrawn.

After the oral argument, we were informed by counsel that a mistake existed in the prayer of the petition for distribution and consequently in the awards. For this reason and with his consent, the account is referred back to the auditing judge.

The exceptions are dismissed.